IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. H-09-294 (12) |
| KENDRICK DWIGHT JONES | § § | |

## ORDER OF DETENTION PENDING TRIAL

On April 5, 2010, this Court conducted a Hearing on the Government's Motion to Detain **Kendrick Dwight Jones**, the named Defendant in the above-styled and numbered cause. The Government appeared by attorney and announced ready; the Defendant appeared in person and by court-appointed counsel and announced ready. The Government offered the testimony of Christopher Raia, Special Agent with the Federal Bureau of Investigation; the Defendant presented no evidence. The Court also made the Pretrial Services report, which recommended detention, a part of the record for purposes of the Detention Hearing only. Having now considered the evidence, this Court makes the following findings of fact and conclusions of law:

1. That pursuant to the Indictment there is probable cause to believe that **Kendrick Dwight Jones** has committed a drug offense with a maximum penalty of ten years or more confinement, see 18 U.S.C. § 841, see also United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987);

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Jones'** detention, 18 U.S.C. § 3142(e);

3. That the crack/cocaine drug trafficking conspiracy charged by the Indictment was of a substantial and continual nature;

4. That the strength of the Government's case is substantial given **Jones**' involvement in an undercover purchase on July 16, 2008, of 13.82 grams of cocaine base delivered to the purchase scene by **Jones,** whose identification was determined by direct surveillance, and further given Jones' direct involvement in drug transactions, discussed during authorized wiretap interceptions, with co-Defendants;

5. That **Jones**' two prior convictions for felony drug cases fairly predicts a continuation of such activities if he were to be released, United States v. Salerno, 481 U.S. 739 (1987);

6. That by virtue of the foregoing findings, **Jones** would constitute a danger to the community if released;

7. That **Jones** remained at large since the arrests of his co-Defendants in July 2009 despite requests communicated to his mother, with whom he lived from time to time, and the mother of his children, until his arrest on a traffic stop in Katy, Texas, during the week of March 29, 2010;

8. That by virtue of the foregoing finding **Jones** would present a substantial risk of flight were he to be released;

9. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Jones** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **Kendrick Dwight Jones** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Kendrick Dwight Jones SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Kendrick Dwight Jones** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Houston, Texas, this _____5th_____ day of April, 2010.

_____
John R. Froeschner
United States Magistrate Judge